Eastern District of Kentucky
TENDERED
Date: 7-20-06
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

Eastern District of Kentucky
FILED
OCT 20 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 06-94-DCR

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.  **PLEA AGREEMENT** | |
| NARAYAN, LLC | DEFENDANT |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant Narayan, LLC, will enter a guilty plea to Counts 1, 2, 3, and 4 of the Information, charging violations of 8 U.S.C. § 1324(a)(1)(A)(v)(I), conspiracy to harbor illegal aliens for purposes of commercial gain, 18 U.S.C. § 1956(h), conspiracy to commit money laundering, 18 U.S.C. § 982(a)(6)(A) & (B), forfeiture of listed assets, and 18 U.S.C. § 982(a)(1), forfeiture of listed assets. The United States agrees to not charge Priyakant Patel, Chhaya Patel, Thakor Maggan, Jignesh Patel, Jitesh Patel, and Rolando Aguilar-Carrasco for immigration or money laundering offenses related to the offenses contained in London Criminal Information No. 06-94-DCR while working at Holiday Inn Express, Super 8 Motel, Holiday Inn Express, the Days Inn Motel, Highway 192, the Days Inn Motel, Highway 80, and the Sleep Inn Motel, all located in London, Kentucky, during the time period listed in the Information.

2. The essential elements of Count 1 are:

15

    (a) the Defendant agreed with at least one other person or corporation to commit the criminal offense of harboring illegal aliens, and

    (b) the Defendant did so for the purpose of commercial gain.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) the Defendant limited liability corporation agreed, through its corporate and managing officer Priyakant Patel, with other corporations and individuals, namely, Asha Ventures, LLC, successor in interest to Asha Enterprises, Inc., Chhaya Patel, Jingnesh Patel, Jitesh Patel and Rolando Aguilar-Carrasco,

    (b) to harbor illegal aliens by providing them with housing and employment by providing an apartment at 508 Minton Drive, London, Kentucky, in which the illegal aliens could live, and by providing illegal aliens employment as housekeepers at the following London, Kentucky hotels – the Holiday Inn Express, the Super 8 Motel, the Sleep Inn Motel, the Days Inn Motel Highway 192, and the Days Inn Motel Highway 80, knowing that the aliens were illegal and were legally prohibited from employment, and

    (c) for purposes of maximizing its commercial and economic gain by employment of a less costly and dependent labor force.

4. The essential elements of Count 2 are:

    (a) The Defendant knowingly agreed with other corporations and individuals to conduct and attempt to conduct financial transactions affecting interstate commerce;

    (b) the financial transactions involved the proceeds derived from one or more specified unlawful activities; and

    (c) the financial transactions were intended to further the specified unlawful activities and to conceal the true nature, ownership, or control of such proceeds.

5. As to Count 2, the United States could prove the following facts that establish

the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) the Defendant limited liability corporation agreed, through its corporate and managing officer Priyakant Patel, with other corporations and individuals, namely, Asha Ventures, LLC, successor in interest to Asha Enterprises, Inc., Chhaya Patel, Jingnesh Patel, Jitesh Patel, and Rolando Aguilar-Carrasco;

    (b) to write or to direct employees to write checks on the bank accounts of the Super 8 Motel, Days Inn Motel, Sleep Inn Motel, and Holiday Inn Express, to nominee companies and employees in payment for housekeeping services performed by illegal aliens at those hotels, and then cashing those same checks at the hotels, causing those checks to be redeposited into the bank accounts of the same hotels, thereafter, paying the illegal aliens with the cash from those checks;

    (c) the checks made to nominee companies and employees as payment for housekeeping services were the proceeds of the harboring through employment of illegal aliens;

    (d) the checks were written to have the appearance of payment to legitimate cleaning companies and legal employees, and immediately redeposited to generate cash to conceal the true identity of the checks as payment of wages to illegal aliens, to conceal the number of hours worked and number of illegal aliens employed, and to maintain control over the illegal aliens by requiring the aliens to "cash" the checks at the hotels; and

    (e) the use of the checks of the 5 hotels and use of the 4 bank accounts affected interstate commerce.

6. The maximum statutory punishment for a corporate Defendant on Counts 1 and 2 is a $500,000 fine on each felony count, or not more than the greater of twice the gross gain or twice the gross loss. A mandatory special assessment of $400 per felony count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. The result of conviction on Counts 3 and 4 is forfeiture of all listed assets.

7. The United States and the Defendant have no agreement as to a sentencing guidelines calculation.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

9. The Defendant through its owners, officers, agents and managing employees will cooperate fully with the United States in the investigation and prosecution of the matters in the Information and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant, its owners, officers, agents and managing employees provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant or its owners, officers, agents and managing employees for perjury or making false statements. If requested by the United States, the Defendant through its owners, officers, agents, and managing employees will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other organizations or individuals not directly affiliated with the Defendant who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 8C4.1. The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

10. In lieu of the specific assets listed in Counts 3 and 4, the Defendant in conjunction with codefendant Asha Ventures, LLC, successor in interest to Asha Enterprises, Inc., will pay to the United States at the time of sentencing the sum of 1.5

million dollars in full satisfaction of the forfeiture. Liability for the forfeiture amount is joint and severable, with the total amount due from both defendants, jointly or severably, equaling 1.5 million dollars.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

12. The Defendant agrees to implement an effective compliance and ethics program reasonably designed, implemented, and enforced so that the program is generally effective in preventing and detecting the employment of illegal aliens in any of its hotels or other businesses. Additionally, the owners, officers, agents and managing employees of the Defendant, including, but not limited to Priyakant Patel, Chhaya Patel, Jingnesh Patel, Jitesh Patel and Rolando Aguilar-Carrasco, agree to implement an identical effective compliance and ethics program in any hotels over which they exercise ownership, management or control. The program will meet the approval of the U.S. Probation Office in consultation with the Bureau of Immigration and Customs Enforcement and will include the ongoing education of management on the employment and immigration laws of the United States, and a requirement of self-reporting of any violations of the immigration laws of the United States. The costs of design,

implementation and enforcement of the program will be borne by the Defendant and any related corporations, partnerships or other legal forms of conducting business. From implementation, the programs will have a minimum duration of five (5) years. The goal of the programs is to promote an organizational structure that encourages ethical and legal conduct and an organizational commitment to comply with the immigration and employment laws of the United States.

13 . If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and its attorney acknowledge that the Defendant understands this Agreement, that its attorney has fully explained this Agreement to its owners, officers, agents and managing employees, and that entry into this Plea Agreement is a voluntary act duly authorized by the Defendant corporation.

AMUL R. THAPAR
UNITED STATES ATTORNEY

6-19-06
Date

By: *David A. Marye* for
Frances E. Catron

Assistant United States Attorney

6-19-06
Date

*David A. Marye* (signature)

David A. Marye
Assistant United States Attorney

6/19/06
Date

(signature)

Priyakant Patel, owner, officer and
authorized agent for Narayan, LLC
Defendant

6/19/06
Date

*Warren N. Scoville* (signature)

Warren N. Scoville
Attorney for Defendant

APPROVED, this 20th day of October 2006.

(signature)

DANNY C. REEVES
UNITED STATES DISTRICT JUDGE